IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Joshua Brookins,<br><br>    Plaintiff,<br><br>v.<br><br>Lt. Joey Wallace, Brandon Strain, and Austin Smith,<br><br>    Defendants. | C/A No.: 0:25-cv-00812-SAL-SVH<br><br><br>**ORDER** |

  Plaintiff Joshua Brookins, proceeding pro se and in forma pauperis, filed this Amended Complaint against the named defendants raising claims under 42 U.S.C. § 1983. [ECF No. 18.] This matter is before the court for review of the Report and Recommendation of Magistrate Judge Shiva V. Hodges, (the "Report"), ECF No. 32, recommending that Defendant Austin Smith be dismissed from this case. Plaintiff does not object to the recommended dismissal of Defendant Smith, but he offers a clarification about the procedural history of his state case. [ECF Nos. 34, 35.] For the reasons that follow, the court adopts the Report and dismisses Plaintiff's claims against Defendant Austin Smith.

**STANDARD OF REVIEW**

  The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo

1

review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The Report summarizes the relevant facts and standards of law, which the court incorporates by reference. The magistrate judge recommends dismissal of Defendant Smith, who is an assistant solicitor and entitled to absolute immunity for the initiation and pursuit of a criminal prosecution. [ECF No. 32 at 7–8 (citing *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976); *Van de*

*Kamp v. Goldstein*, 555 U.S. 335, 341–43 (2009)).] The court agrees Defendant Smith is immune from suit.

As noted above, Plaintiff does not object to the dismissal of Defendant Smith. *See* ECF No. 35 ("I noticed one mistake. Everything else looks great."). Plaintiff only clarifies that the Report stated his Possession with Intent to Distribute charge was dismissed at his preliminary hearing on January 3, 2024, but that is not correct. *Id.* at 1. The court makes note of that clarification. This case is ongoing, and Plaintiff may address that factual issue going forward. Nevertheless, because no argument disputes Defendant Smith's prosecutorial immunity, the court will adopt the Report and summarily dismiss Defendant Smith from this action.[1]

## CONCLUSION

There is no clear error in the Report. Further, after a de novo review of the Report, the applicable law, and the record of this case, the court adopts and incorporates the Report. [ECF No. 32.] Accordingly, Defendant Austin Smith is dismissed without prejudice as a defendant in this action. This matter remains with the magistrate judge for further proceedings.

**IT IS SO ORDERED.**

November 21, 2025                                           Sherri A. Lydon
Columbia, South Carolina                                    United States District Judge

---

[1] Even if the court was to liberally construe Plaintiff's letter as an objection, it would be a general objection, which does not require de novo review. See *Elijah*, 66 F.4th at 460 ("'Just as a complaint stating only "I complain" states no claim, and objection stating only "I object" preserves no issue for review.'" (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))).