IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joshua Brookins,<br><br>    Plaintiff,<br><br>v.<br><br>Lt. Joey Wallace and Brandon Strain,<br><br>    Defendants. | C/A No.: 0:25-cv-812-SAL<br><br><br>**ORDER** |

  Plaintiff, proceeding *pro se* and in *forma pauperis*, filed this action on February 12, 2025. [ECF No. 1.] This matter is before the court on the Report and Recommendation (the "Report") by United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). [ECF No. 78.] The Report recommends dismissing Plaintiff's complaint with prejudice in accordance with Fed. R. Civ. P. 41(b). *Id.* at 2. Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report. *Id.* at 3. Plaintiff has not objected to the Report,[1] and the time to do so has expired.

  As indicated in the Report, on February 27, 2025, and March 25, 2025, the magistrate judge directed Plaintiff to bring this case into proper form. [ECF Nos. 4, 7.] Plaintiff was further warned that failure to keep the court apprised of his address may result in dismissal of this case. *Id*. On December 8, 2025, Plaintiff filed a Notice of Change of Address and a Motion for Extension of Time. [ECF No. 72.] Also on December 8, 2025, a text order granted Plaintiff an extension of time to conduct discovery. [ECF No. 73.] The order was mailed to Plaintiff at his new address but was

---

[1] The Report was mailed to Plaintiff at the address he provided in December 2025 but was returned as undeliverable. *See* ECF No. 79, 80.

1

returned to the court as undeliverable. [ECF Nos. 73, 77.] Despite being warned to keep the court advised of his address, Plaintiff has failed to do so. Based on this, the magistrate judge concludes Plaintiff wishes to abandon this case. [ECF No. 78 at 2.] The Report recommends this case be dismissed with prejudice because Plaintiff failed to keep the court apprised of his address and neither the court nor Defendants have any means of contacting him. *Id*.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

Finding no clear error in the Report, ECF No. 78, it is adopted and incorporated. Accordingly, this action is **SUMMARILY DISMISSED** with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Defendants' motion to stay, ECF No. 83, is **TERMINATED AS MOOT**.

IT IS SO ORDERED.

February 17, 2026
Columbia, South Carolina

Sherri A. Lydon
United States District Judge